IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KATIE TOLBERT                                                              PLAINTIFF

v.                                                                        Case No. 3:15-CV-0042

**STATE FARM MUTUAL**                                         DEFENDANT
**AUTOMOBILE INSURANCE CO.;**
**KYNLI HINDMAN**

## ORDER

This matter comes before the court on the Plaintiff Katie Tolbert's ("Tolbert") motion to remand to state court. For the following reasons, this court **GRANTS** Tolbert's motion in part and **DENIES** the motion in part.

Plaintiff Tolbert filed this suit in the Circuit Court of Panola County, alleging negligence against Defendant Kynli Hindman, a resident of Mississippi, and breach of an uninsured motorist contract and bad faith against Defendant, State Farm Mutual Automobile Ins. Co. ("State Farm"). These claims arise from a car accident involving Tolbert and Hindman which occurred in Panola County, Mississippi on July 13, 2014. Tolbert contends that Hindman failed to yield at the intersection of Highway 278 and Central Academy road, causing a collision between the two vehicles. Tolbert claims that as a result of the accident, she suffered personal injuries including lost wages, medical expenses of $7,967.49, pain and suffering, and property damages to her automobile. Additionally, Tolbert alleges that Hindman was operating an uninsured motor vehicle, causing Tolbert to seek reimbursement through her uninsured motor vehicle coverage.

However, her insurer, State Farm, denied her claim on grounds that she did not have such coverage at the time of the accident.

As a result of these events, Tolbert seeks $50,000 in compensatory damages against both defendants and $500,000 in punitive damages against State Farm for alleged "malicious and bad faith breach." (Complaint p. 6). Tolbert and Hindman are residents of Panola County, Mississippi, and State Farm Insurance Co. is incorporated in Illinois, with its principle place of business also located in Illinois.

State Farm removed this action to this court pursuant to 28 U.S.C. § 1441. State Farm argues that Tolbert's claims meet the amount in controversy requirement under § 1332(a) because she is seeking $50,000 in compensatory damages and $500,000 in punitive damages. Further, State Farm asserts that claims against the two defendants are fraudulently misjoined under Mississippi Rules of Civil Procedure 20 because the claims do not arise out of a distinct litigable event and do not share common questions of law. Thus State Farm moves to sever the claims, leaving claims against State Farm in federal court and remanding the claims against Hindman to the Mississippi Circuit Court. In response, Tolbert filed a motion to remand all claims to state court, arguing that State Farm has not met its burden of proving that Tolbert fraudulently or improperly misjoined Hindman as a defendant. Neither party contests that the amount in controversy requirement has been met, as Plaintiff Tolbert unambiguously seeks $50,000 in compensatory damages, and $500,000 in punitive damages. Therefore, the court finds that the amount in controversy requirement under federal diversity jurisdiction has been met. The question presented to the court is whether there is complete diversity of citizenship among the parties, as set forth by 28 U.S.C. §1332(a).

**Standard for Remand**

Federal courts have original jurisdiction over cases when the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of a different state. 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000). Further, "any state action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

After removal of a case, a plaintiff may move to remand the case, and "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party has the burden of establishing federal jurisdiction. *Brasell v. Unumprovident Corp.*, No. 2:01CV202–D–B, 2001 WL 1530342 (N.D.Miss.2001); citing *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the "removal statutes are to be construed against removal and for remand." *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Additionally, any doubts regarding whether removal is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**Fraudulent or Improper misjoinder**

In cases of federal diversity jurisdiction, the citizenship of each plaintiff must be diverse from the citizenship of each defendant**.** *Own Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). It is undisputed that plaintiff Tolbert and defendant Hindman are residents of

3

Mississippi, and that defendant State Farm is considered a resident of Illinois. Therefore, this court must consider State Farm's argument that Hindman was fraudulently misjoined.

The court should not grant federal diversity jurisdiction when parties are fraudulently misjoined into the dispute. *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). Failure to meet the requirements of Federal Rules of Civil Procedure Rule 20 will result in "joinder being improper even if there is no fraud in the pleadings and the plaintiff does not have the ability to recover against each of the defendants." *Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th. Cir. 2006). The Northern and Southern Districts of Mississippi have adopted the concept of fraudulent misjoinder. *Walker v. Scales*, No.1:13CV00227, 2014 WL 670216 (N.D. Miss. 2014); *Palmero v. Letourneau Technologies*, 542 F.Supp.2d 499 (S.D. Miss. 2008).

"For this court to accept jurisdiction despite the misjoinder of a non-diverse defendant, the misjoinder must be egregious or grossly improper." *Cooper v. AIG Claim Services, Inc.*, No: 1:08CV168 2009 WL 279101 at *2 (N.D. Miss 2009). In a case removed to federal court, questions of fraudulent misjoinder are determined by the state's joinder rules. *Id.* Thus, there must be a reasonable possibility that the state court would find that the plaintiff has stated a viable cause of action against the defendant. *Palmero*, 542 F. Supp.2d 499 at 517. "To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil procedure." *Tri-Miss Servs., Inc. v. Fairley,* No. 2:12CV152 2012 WL 5611058 (N.D. Miss. 2012). Rule 20 of The Mississippi Rules of Civil Procedure provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to these persons will arise in the action.

Miss. R. Civ. P. 20(a).

In *Hegwood v. Williamson*, the Mississippi Supreme Court held that "both prongs of Rule 20(a) must be met", and "before an alleged occurrence will be sufficient to meet Rule 20(a)'s two factors, there must be a distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So.2d 728, 730 (Miss. 2007). Further, when determining if a distinct litigable event exists, the court should consider "whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant." *Id.*

In the instant case, while Tolbert argues that State Farm has failed to meet its burden of proof in showing an improper or egregious misjoinder, the court is not so persuaded. The *Hegwood* court was faced with facts analogous to those *sub judice*, and held that a claim of negligence against a defendant automobile driver, and claims against an insurer for breach of contract and bad faith involve distinct litigable events that involve different factual and legal issues. *Hegwood*, 949 So.2d at 731. Further, "the appropriateness for joinder decreases as the need for additional proof increases." *Id.* at 730. Tolbert will have to prove negligence against Hindman, and breach of contract and bad faith claims against State Farm. The legal and factual issues surrounding these claims will undoubtedly involve different witnesses and evidence. Plaintiff Tolbert attempts to distinguish *Hegwood* from the case *sub judice*, noting that *Hegwood* involved claims involving two insured drivers, while the present case involves an insured driver and an uninsured driver. However, this court recently found such distinctions "immaterial to its joinder analysis." *Walker v. Scales*, No. 1:13-CV-00227-SA-DAS, 2014 WL 670216 at *5 (N.D. Miss. 2014) (*see also Cartwright v. State Farm Mut. Auto. Ins. Co.*, No: 4:14-CV-0057-GHD-JMV (N.D. Miss. 2014).

The joinder of defendants Hindman and State Farm would also run contrary to Rule 411 of the Mississippi Rules of Evidence. *Walker*, 2014 WL 670216 at *6. Under Rule 411,

5

"evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or wrongfully." Mississippi Rules of Evidence 411. Thus, "a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her coverage or lack thereof when it decided issues of liability and damages. *Hegwood*, 949 So.2d at 731. Similarly, joinder of the two defendants would expose a jury to evidence that defendant Hindman did or did not possess insurance coverage at the time of the accident.

Diversity jurisdiction exists in this case because "there is no reasonable possibility that the state court would find joinder proper." *Palermo v. Letourneau Technologies, Inc.,* 542 F. Supp. 2d 499, 511 (S.D. Miss. 2008)*.* As the joinder of Hindman and State Farm clearly fall outside the boundaries for joinder under Mississippi state law, the court finds that Hindman was fraudulently misjoined as a defendant. The court should therefore look to Rule 21 of the Federal Rules of Civil Procedure, which concerns curing the misjoinder of parties. *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983).

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the others.

*Id.* at 368.

Tolbert and Hindman are both citizens of Mississippi, and thus this court would not have federal diversity jurisdiction between the parties. Therefore, Tolbert's claims against Hindman are severed from the claim against State Farm, and the Tolbert's motion must be granted in regards to the claims against Hindman, and denied in regards to the claims against State Farm. *Cartwright v. State Farm Mut. Auto.. Ins. Co.*, No: 4:14-CV-0057-GHD-JMV (N.D. Miss. 2014).

**Conclusion**

For the foregoing reasons, this court holds that Tolbert's claims against Hindman were fraudulently misjoined, and should be severed from those claims against State Farm. Therefore, the court **GRANTS** Tolbert's motion to remand claims against Hindman to the court in Panola County, Mississippi; and **DENIES** Tolbert's motion to remand claims against State Farm.

**SO ORDERED**, this the 29th day of May, 2015.

>  /s/ MICHAEL P. MILLS
>  UNITED STATES DISTRICT COURT
>  NORTHERN DISTRICT OF MISSISSIPPI