IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KATIE TOLBERT**                                                              **PLAINTIFF**

v.                                               Civil Action No.: 3:15-cv-0042-MPM-SAA

**KYNLI HINDMAN and STATE
FARM MUTUAL AUTOMOBILE
INSURANCE CO.**                                                          **DEFENDANTS**

## ORDER DENYING MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND TO STATE COURT [17]

This matter comes before the Court for consideration on the *Motion to Reconsider Order Granting in Part and Denying in Part Motion to Remand to State Court* [17] (together with the *Memorandum in Support* [18], the "Motion") filed by Katie Tolbert (the "Plaintiff"). The Motion was filed on July 15, 2015, and on August 4, 2015, defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed its *Response in Opposition to Plaintiff's Motion to Reconsider* [26] (together with the *Memorandum in Support* [27], the "Response"). On August 5, 2015, Plaintiff filed her *Reply to State Farm's Response* [28] (the "Reply"). The Court has considered the Motion, Response, and Reply, as well as relevant case and statutory law, and concluded that no hearing on the matter is necessary and that the Motion is due to be denied.

### I.     FACTUAL BACKGROUND

Plaintiff filed this suit in the Circuit Court of Panola County, alleging negligence against defendant Kynli Hindman, a resident of Mississippi, and breach of an uninsured motorist contract and bad faith against State Farm. These claims arise from a car accident involving Plaintiff and Hindman which occurred in Panola County, Mississippi on July 13, 2014. Plaintiff contends that Hindman failed to yield at the intersection of Highway 278 and Central Academy

1

road, causing a collision between the two vehicles. Plaintiff claims that as a result of the accident, she suffered personal injuries including lost wages, medical expenses of $7,967.49, pain and suffering, and property damages to her automobile. Additionally, Plaintiff alleges that Hindman was operating an uninsured motor vehicle, causing Plaintiff to seek reimbursement through her uninsured motor vehicle coverage. However, State Farm, Plaintiff's insurer, denied her claim on the grounds that she did not have such coverage at the time of the accident.

As a result of these events, Plaintiff seeks $50,000 in compensatory damages against both defendants, and $500,000 in punitive damages against State Farm for alleged "malicious and bad faith breach." [1]. Plaintiff and Hindman are residents of Panola County, Mississippi, and State Farm is incorporated in Illinois, with its principal place of business also located in Illinois.

State Farm removed this action to this court pursuant to 28 U.S.C. § 1441. State Farm asserted that Plaintiff's claims met the amount in controversy requirement under § 1332(a) because she is seeking $50,000 in compensatory damages and $500,000 in punitive damages. Further, State Farm asserted that claims against the two defendants were fraudulently misjoined under Mississippi Rules of Civil Procedure 20 because the claims did not arise out of a distinct litigable event and do not share common questions of law. Thus State Farm moved to sever the claims, leaving claims against State Farm in federal court and remanding the claims against Hindman to the Mississippi Circuit Court. In response, Plaintiff filed a motion to remand all claims to state court, arguing that State Farm has not met its burden of proving that Plaintiff fraudulently or improperly misjoined Hindman as a defendant.

Through the *Order Granting in Part and Denying in Part Plaintiff's Motion to Remand to State Court* [12] (the "Order"), this Court determined that State Farm had in fact met its burden of proof in showing an improper or egregious misjoinder. As stated in the Order, Mississippi

case law dictated that a claim of negligence against a defendant automobile driver, and claims against an insurer for breach of contract and bad faith involve distinct litigable events that involve different factual and legal issues. *Hegwood v. Williamson*, 949 So.2d 728, 731 (Miss. 2007); [12, Pg. 5]. Further, "the appropriateness for joinder decreases as the need for additional proof increases." *Id.* at 730. This Court noted that Plaintiff will have to prove negligence against Hindman, and breach of contract and bad faith claims against State Farm. Thus, the legal and factual issues surrounding these claims will undoubtedly involve different witnesses and evidence.

Furthermore, the Court determined that the joinder of defendants Hindman and State Farm would also run contrary to Rule 411 of the Mississippi Rules of Evidence. *Walker*, 2014 WL 670216 at *6. Under Rule 411, "evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or wrongfully." Mississippi Rules of Evidence 411. Thus, "a driver defending against negligence claims would be prejudiced by the jury's knowledge of his or her coverage or lack thereof when it decided issues of liability and damages." *Hegwood*, 949 So.2d at 731. Similarly, joinder of the two defendants would expose a jury to evidence that defendant Hindman did or did not possess insurance coverage at the time of the accident. This court determined that because the joinder of Hindman and State Farm fell outside the boundaries for joinder under Mississippi law, Hindman was fraudulent misjoined as a defendant. Turning to Rule 21 of the Federal Rules of Civil Procedure, the Court considered the effect of remanding the action against Hindman, but retaining jurisdiction over the suit against State Farm. As stated in *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983),

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a

3

discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the others.

Given that the Plaintiff and Hindman are both Mississippi residents, this Court does not have federal diversity jurisdiction over them. Accordingly, through the Order, Plaintiff's claims against Hindman were severed from the claim against State Farm, and Plaintiff's Motion to Remand was granted in regards to her claims against Hindman, and denied in regards to the claims against State Farm.

## II. CONCLUSIONS OF LAW

Plaintiff brings the present Motion, requesting that the Court reconsider the Order and remand the entire case to state court. The crux of the Plaintiff's request rests on the argument that State Farm's own insurance policy requires that an uninsured motorist be joined to any action. [12]. Based on the Plaintiff's reading of the insurance policy in question, she was required as a condition precedent to file suit in state court as the federal court would not have jurisdiction. Plaintiff further contends that although the policy language is contrary to Mississippi law, State Farm should still be estopped from arguing misjoinder under Rule 20(a) of the Mississippi Rules of Civil Procedure, when they themselves purportedly require such joinder. State Farm responds by contending that Plaintiff misunderstands the difference between "a typical action for uninsured motorist ("UM") benefits and the bad faith action presently before this Court." [26]. State Farm maintains that the policy provision brought into question by the Plaintiff "unambiguously applied to a typical UM action and not to a bad faith suit, there is no basis for estoppel, and the Court cannot enforce a contract provision that is contrary to Mississippi law." [27, Pg. 2].

4

The Plaintiff's briefing on the Motion is minimal, leaving some question as to under what legal theory she proceeds. Plaintiff appears to argue that because the Defendant's insurance contracts purportedly require joinder of defendant-parties, the Plaintiff's Motion to Remand should have been granted in its entirety and the Court should have declined to sever the suit against Hindman and State Farm. Further, despite resting her entire argument on only two, brief, portions of the Defendant's insurance contracts, Plaintiff claims that those same provisions are contrary to Mississippi law. For the following reasons, the Court is not persuaded by Plaintiff's arguments.

First, nothing in the Plaintiff's Motion or briefing has convinced the Court that the legal analysis conducted in the Order in question was incorrect. In fact, Plaintiff does not even appear to contest the legal analysis, or even challenge the applicability of *Hegwood* (wherein the Mississippi Supreme Court held that a claim of negligence against a defendant automobile driver, and claims against an insurer for breach of contract and bad faith involve distinct litigable events that involve different factual and legal issues). Nor does the Plaintiff appear to dispute that proving negligence against Hindman, and breach of contract and bad faith against State Farm, would require separate evidence and witnesses. There is also no protest as to the Court's prior conclusion that, as between Plaintiff and Hindman there is no diversity of citizenship, but that such diversity is met as between Plaintiff and State Farm. In short, Plaintiff makes no argument against the Court's prior finding that joinder of defendants was legally inappropriate or incorrect. As such, the Court is in no way convinced that its prior conclusions and Order are due to be amended or undone.

Second, as for the argument that Defendant should be held to contract language – which the Plaintiff unequivocally proclaims is contrary to Mississippi law – the Court is similarly

unpersuaded. Without determining whether or not the contract language in question is contrary to state law, the fact remains that State Farm's contract provisions cannot unilaterally change the rules and boundaries of this Court's jurisdiction. The Court is of the firm opinion that the legal analysis finding misjoinder of parties requiring the severing of claims and the remand of the claims against Hindman while maintaining jurisdiction over claims against State Farm, is correct. Language drafted by State Farm cannot magically usurp or override the proper allocation of claims and jurisdiction. Further, insofar as a contract provision contravenes state law, that provision may not be enforced. *Panasonic Co., Div. of Matsushita Elec. Corp. of Am. v. Zinn*, 903 F.2d 1039, 1041 (5th Cir. 1990) (holding that "[w]here the subject matter of the contract is legal, but the contract contains an illegal provision that is not an essential feature of the agreement, the illegal provision may be severed and the valid portion of the contract enforced."); *Carlo Corp. v. Casino Magic of Louisiana, Corp.*, 26 F. Supp. 2d 904, 907 (S.D. Miss. 1998) (holding that Mississippi has "long followed the rule that the courts must enforce contracts as they are written, *unless such enforcement is contrary to law* or public policy."); *Smith v. Simon*, 224 So.2d 565, 566 (Miss. 1969) (holding that "[t]here is no doubt that the courts have the duty and the power to declare void and unenforceable contracts made in violation of law or in contravention of the public policy of the state."). Accordingly, the Plaintiff makes no headway by resting the entirety of her argument on a contract provision which she herself declares to be against state law. Assuming, *arguendo*, that the provision in question does in fact contravene state law, the remedy would *not* be to enforce the provision and grant remand when it would otherwise be improper to do so.

### III. CONCLUSION

Upon consideration of the Motion, Response and Reply, the Court reaches the conclusion that the Order properly remanded certain claims to the state court, while maintaining jurisdiction over those claims related to State Farm. For the reasons set forth in the Order, and repeated above, this Court found that the parties were fraudulently misjoined as defined by Rule 20 of the Mississippi Rule of Civil Procedure. *Tri-Miss Servs., Inc. v. Fairley,* No. 2:12CV152 2012 WL 5611058 (N.D. Miss. 2012) (holding that "to determine if a party has been fraudulently misjoined, the court applied Rule 20 of the Mississippi Rules of Civil Procedure."). This Court further found that the joinder of Defendants ran contrary to Rule 411 of the Mississippi Rules of Evidence. With the joinder of Hindman and State Farm clearly falling outside the boundaries for joinder under Mississippi state law, this Court could reach no other conclusion but that Hindman was fraudulently misjoined as a defendant. As such, Rule 21 of the Federal Rules of Civil Procedure definitively required the creation of two separate suits, with claims against Hindman being remanded to state court. No arguments raised in the Motion give the Court pause to doubt the correctness and appropriateness of its prior ruling. Accordingly, it is hereby

ORDERED that the Motion to Reconsider Order Granting in Part and Denying in Part the Motion to Remand [17] is DENIED.

SO ORDERED this the 10th day of March, 2016.

*[signature]*
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI